FILED

DEC 1 4 2006

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.

Date Filed: _11/30/2006_

RICHARD W. WIEKING, Clerk

By: _Gwen Legd_ , Deputy Clerk

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REBECCA ANN CARY, et al,

        Plaintiffs,

           v

DALE HALL, et al,

        Defendants,

_____

SAFARI CLUB INTERNATIONAL, et al,

        Intervenors.

_____/

CASE NUMBER   1:06CV02120

JUDGE: Ricardo M. Urbina

DECK TYPE: Administrative Agency Rev

DATE STAMP: 12/14/2006

        Defendants seek to transfer this case pursuant to 28 USC §1404(a). Doc #36. Defendants face similar litigation brought by a different group of plaintiffs before the district court for the District of Columbia. Center for Biological Diversity, et al v Norton, 04-cv-1660. Alternatively, defendants seek to stay this case pending the resolution of forthcoming summary judgment motions before the District of Columbia. Doc #36. For the reasons

#1
USDC

1  discussed below, the court TRANSFERS this case to the district

2  court for the District of Columbia.

3

4                                    I

5          Defendants' motion to transfer stems from two separate

6  lawsuits both challenging the same federal regulation, 70 Fed Reg

7  52310, "authoriz[ing] certain otherwise prohibited activities that

8  enhance the propagation or survival of [three antelope] species."

9  70 Fed Reg at 52310 (the "exemptions"). Specifically, the

10 exemptions allow, with certain enumerated limitations, people to

11 "take; export or re-import; deliver, receive, carry, transport or

12 ship in interstate or foreign commerce" the three antelope species.

13 50 CFR § 17.21(h).

14         Rebecca Cary, Debra Boban, Misti Schmidt, Marcia

15 Slackman, the Humane Society of the United States, Defenders of

16 Wildlife, the Kimya Institute, Born Free USA and Bill Clark

17 (collectively "California plaintiffs") filed this lawsuit in the

18 Northern District of California on October 26, 2005. Doc #1.

19 California plaintiffs challenge the exemptions pursuant to §10(c)

20 and §10(d) of the Endangered Species Act. Id. (While California

21 plaintiffs' lawsuit originally included several other claims, only

22 the §10(c) and §10(d) claims survived defendants' motion to

23 dismiss. Doc #31.)

24         Friends of Animals and the Center for Biological

25 Diversity ("DC plaintiffs") filed another lawsuit challenging the

26 exemptions provided in 70 Fed Reg 52310 in the district court for

27 the District of Columbia. DC plaintiffs' lawsuit originally

28 challenged defendants' failure to list the three relevant antelope

**United States District Court**
For the Northern District of California

2

United States District Court
For the Northern District of California

1  species as endangered.  Doc #36 at 2.  On September 2, 2005,

2  however, defendants simultaneously listed the antelope species as

3  endangered, 70 Fed Reg 52319, and announced the exemptions

4  authorizing otherwise prohibited behavior, 70 Fed Reg 52310.  DC

5  plaintiffs responded by amending their complaint to challenge the

6  exemptions.  The original DC lawsuit was filed on September 27,

7  2004.  DC plaintiffs filed an amended complaint challenging the

8  exemptions on January 16, 2006.  Doc #36 Ex 1.  DC plaintiffs,

9  however, filed a 60-day notice of intent to sue regarding the

10  exemptions on October 3, 2005.  Doc #36 at 3.  The lawsuit in the

11  District of Columbia includes five claims for relief, the first of

12  which asserts a violation of §10 of the Endangered Species Act.

13  Doc #36 Ex 2 at 25.

14      Both lawsuits are currently poised to enter summary

15  judgment proceedings.

16

17                          II

18      The court has discretion to transfer cases "[f]or the

19  convenience of parties and witnesses" and "in the interest of

20  justice."  28 USC §1404(a).  The threshold issue for a

21  discretionary transfer is whether the lawsuit "could have been

22  brought" in the transferee district.  Van Dusen v Barrack, 376 US

23  612, 616-617 (1964).  If the lawsuit could have been brought in the

24  transferee district, then the moving party has the burden of

25  showing that either convenience or the interests of justice favor

26  transfer.  Commodity Futures Trading Commission v Savage, 611 F2d

27  270, 279 (9th Cir 1979).  "Weighing of the factors for and against

28  transfer involves subtle considerations and is best left to the

1   discretion of the trial judge."  Id.

2       The court must balance both private and public factors.
3 Decker Coal Co v Commonwealth Edison Co, 805 F2d 834, 843 (9th Cir
4 1986).  "Private factors include the 'relative ease of access to
5 sources of proof; availability of compulsory process for attendance
6 of unwilling, and the cost of obtaining attendance of willing,
7 witnesses; possibility of view of premises, if view would be
8 appropriate to the action; and all other practical problems that
9 make trial of a case easy, expeditious and inexpensive.'" Id
10 (quoting Gulf Oil Corp v Gilbert, 330 US 501, 508 (1947)).  "Public
11 factors include 'the administrative difficulties flowing from court
12 congestion; the local interest in having localized controversies
13 decided at home; the interest in having the trial of a diversity
14 case in a forum that is at home with the law that must govern the
15 action; the avoidance of unnecessary problems in conflict of laws,
16 or in the application of foreign law; and the unfairness of
17 burdening citizens in an unrelated forum with jury duty.'"  Id
18 (quoting Piper Aircraft, 454 US 235, 241 n6 (1981)).

19       While a plaintiff's choice of venue is generally accorded
20 substantial weight, less deference is given when the chosen forum
21 lacks any connection to the controversy.  Pacific Car & Foundry Co
22 v Pence, 403 F2d 949, 954 (9th Cir 1968) ("If the operative facts
23 have not occurred within the forum of original selection and the
24 forum has no particular interest in the parties or the subject
25 matter, the plaintiff's choice is entitled only to minimal
26 consideration.").

27       If transferring one of two related cases, courts
28 generally give preference to the first-filed lawsuit.  Biochem

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    <u>Pharma v Emory Univ</u>, 148 F Supp 2d 11, 13 (DDC 2001) ("When

2    lawsuits involving the same controversy are filed in more than one

3    jurisdiction, the general rule is that the court that first

4    acquired jurisdiction has priority.").  The presumption of

5    transferring a related case to the district where a lawsuit was

6    first-filed, however, may be overcome if the later-filed lawsuit

7    provides greater convenience to the parties or better serves the

8    interests of justice.  <u>Factors Etc, Inc v Pro Arts, Inc</u>, 579 F2d

9    215, (2nd Cir 1978) ("[F]irst suit should have priority, 'absent

10    the showing of balance of convenience in favor of the second action

11    * * * or unless there are special circumstances which justify

12    giving priority to the second.'") (quoting <u>William Gluckin & Co v</u>

13    <u>International Playtex Corp</u>, 407 F2d 177, 178 (2d Cir 1939)).

14            Finally, defendants discuss a factor that the court

15    should not consider in ruling on a discretionary transfer.  See

16    <u>Cargill Inc v Prudential Ins Co</u>, 920 F Supp 144, 148 (D Co 1996)

17    (rejecting consideration of court's supposed greater familiarity

18    with a particular area of federal law).  Defendants argue that the

19    district court for the District of Columbia is a more appropriate

20    forum for a national controversy involving review of an

21    administrative record under the Endangered Species Act.  Doc #36 at

22    11-12 ("[T]here is no question that the District Court for the

23    District of Columbia is adept at deciding controversies involving

24    administrative record review under the ESA and the APA.");  Doc #42

25    at 11 ("[G]iven tha the challenged rule is nation in scope, the

26    District of Columbia is the more appropriate forum.").  The law

27    recognizes no doctrine of specialization amongst federal districts,

28    but considers every federal court competent to consider challenges

5

United States District Court
For the Northern District of California

1  under the Endangered Species Act.  See <u>Cargill</u>, 920 F Supp at 148

2  ("All federal courts handle ERISA cases; the suggestion that the

3  District of Minnesota is a less appropriate forum for this action

4  because it lacks the experience in ERISA matters of the courts in

5  this circuit is both an affront to the courts and an illusion to be

6  ignored.").  Accordingly, the court grants no weight to any

7  perceived expertise of the district court for the District of

8  Columbia.

9           With these principles in mind, the court considers the

10 relative convenience to the parties and witnesses and the interests

11 of justice.

12

13                                 III

14          Indisputably, this case could have been brought in the

15 District of Columbia.  Accordingly, the court must weigh the

16 private and public factors involved in transferring this lawsuit.

17 Little deference is owed to California plaintiffs' forum choice

18 because there are no ties between this forum and the challenged

19 exemptions.  The burden, however, remains upon defendants to

20 demonstrate that either convenience or the interests of justice

21 favor transferring this case to the District of Columbia.

22          The court finds that the convenience of the parties and

23 witnesses neither supports nor contravenes transferring this case.

24 The merits of the case will be decided based on a judicial review

25 of the administrative record.  Doc #36 at 7-8, 12; Doc #41 at 8.

26 Accordingly, neither the witnesses nor the parties will be required

27 to travel to provide testimony.  Defendants argue that Washington,

28 DC is more convenient because the "Administrative Record is housed

in Washington, DC." Doc #36 at 12. The cost of copying and
shipping the administrative records is negligible and would be
required regardless in which venue this dispute is litigated.
Because some California plaintiffs reside in California and some
California plaintiffs reside in Washington, DC, the minimal travel
required for parties to attend summary judgment proceedings weighs
little in the balance. In short, neither venue provides
comparative advantages with regard to the convenience of the
parties.

The interests of justice, however, strongly support
transferring this matter to the district court for the District of
Columbia for two reasons.

First, judicial economy favors litigating identical
statutory challenges of the same regulation in the same forum.
Continental Grain Co v Barge FBL-585, 364 US 19, 26 (1960) ("To
permit a situation in which two cases involving precisely the same
issues are simultaneously pending in different District Courts
leads to the wastefulness of time, energy and money that § 1404 (a)
was designed to prevent."). These cases share identical factual
issues because they both involve judicial review of the same
administrative action. The two cases also involve identical legal
issues because California plaintiffs' claims are also raised by the
DC plaintiffs. There is no reason for two federal district courts
both to review the administrative record and research the
applicable legal principles. This is particularly true when both
cases are poised to enter summary judgment proceedings and neither
case has been unduly delayed.

Second, consolidating the cases in the same district

United States District Court
For the Northern District of California

would avoid the possibility of conflicting outcomes.  The
difficulty posed by a federal regulation upheld in one circuit and
struck down in another needs little explanation.  (Ironically,
since many of the ranches that raise the three antelope species are
located in Texas, Doc #40 at 9, a split between the Ninth Circuit
and DC Circuit would provide defendants with no guidance on how to
implement the exemptions.)  While both courts may reach the same
conclusion, the interests of justice favor ensuring consistency by
transferring the cases to a single district court.

        While the interests of justice clearly favor
consolidation, the preferable or more convenient forum is less
clear.  The traditional first-filed rule favors the litigation with
the earliest start date.  Although the first-filed rule does not
always decide the preferable forum, it usually establishes a
default unless other factors identify the preferred forum.  Here
those factors fail to establish a clear preference.

        Establishing the "first-filed" case here is not
immediately obvious.  The lawsuit filed in the District of Columbia
was originally filed on September 27, 2004, more than one year
before this case.  But the 2004 complaint did not challenge the
exemptions at issue.  California plaintiffs argue, therefore, that
their lawsuit was the first to challenge the exemptions because the
California complaint was filed on October 26, 2005, a little more
than two months before DC plaintiffs' amended complaint.  Doc #41
at 17-18.  On the other hand, DC plaintiffs filed a 60-day notice
of intent to sue on October 3, 2005, several weeks before
California plaintiffs' lawsuit.

        DC plaintiffs ultimately sought, and arguably achieved,

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  recognition of the three antelope species as endangered species.

2  Doc #42 at 4.   After the three antelope species were granted

3  endangered status, DC plaintiffs continued their litigation to

4  challenge the new exemptions that provided exceptions to treating

5  the antelope species as endangered.   Doc #36 Ex 2 (DC plaintiffs'

6  FAC).   To suggest that the California plaintiffs struck the first

7  path to a courthouse would be incorrect.   In the form of an intent

8  to sue notice, DC plaintiffs initiated a challenge to the

9  exemptions one month after the regulation was adopted.

10  Accordingly, the court finds that the DC plaintiffs' legal

11  challenge predates this lawsuit and transferring this lawsuit to

12  the district court for the District of Columbia is appropriate.

13

14                              IV

15          Having considered the submissions of the parties and

16  finding that a transfer is warranted under section 1404(a), the

17  court hereby TRANSFERS the above-captioned action to the United

18  States District Court for the District of Columbia.

19

20

21          SO ORDERED.

22

23

24          VAUGHN R WALKER

25          United States District Chief Judge

26

27

28

9

ADRMOP, CLOSED, E-Filing, TRANSF

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:05-cv-04363-VRW**
**Internal Use Only**

Cary et al v. Hall et al
Assigned to: Hon. Vaughn R. Walker
Cause: 16:1538 Endangered Species Act

Date Filed: 10/26/2005
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Rebecca Ann Cary**

represented by **Corey Allen Evans**
Evans & Page
1210 22nd St.
San Francisco, CA 94107
415-695-0951
Fax: 415-358-5855
Email: cevans@evansandpage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathernine A. Meyer**
Meyer & Glitzenstein
1601 Connecticut Avenue, N.W.
Suite 700
Washington, DC 20009
202-588-5206
Fax: 202-588-5049
Email: katherinemeyer@meyerglitz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tanya Marie Sanerib**
Meyer Glitzenstein & Crystal
1601 Connecticut Ave. NW
Suite 700
Washington, DC 20009
U.S.
202-588-5206 x32
Fax: 202-588-5049
Email: tanyasanerib@meyerglitz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geneva Page**
Evans & Page

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date _____ 12/5/2006

1210 22nd St.
San Francisco, CA 94107
US
415-695-0951
Fax: 415-358-5855
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Debra Joan Boban**                    represented by  **Corey Allen Evans**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Geneva Page**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kathernine A. Meyer**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Tanya Marie Sanerib**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Misti Marie Schmidt**                 represented by  **Corey Allen Evans**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Geneva Page**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kathernine A. Meyer**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Tanya Marie Sanerib**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marcia Slackman**                     represented by **Corey Allen Evans**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Geneva Page**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kathernine A. Meyer**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Tanya Marie Sanerib**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Humane Society of the United States**   represented by **Corey Allen Evans**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Geneva Page**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kathernine A. Meyer**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Tanya Marie Sanerib**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**
**Defenders of Wildlife**                 represented by **Corey Allen Evans**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Geneva Page**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Kathernine A. Meyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tanya Marie Sanerib**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kimya Institute**                    represented by    **Corey Allen Evans**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geneva Page**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathernine A. Meyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tanya Marie Sanerib**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Born Free USA**                    represented by    **Corey Allen Evans**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geneva Page**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathernine A. Meyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tanya Marie Sanerib**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bill Clark**                          represented by **Corey Allen Evans**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Geneva Page**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Kathernine A. Meyer**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Tanya Marie Sanerib**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Director Dale Hall**                  represented by **John Shaughnessy Most**
*Fish and Wildlife Service*             Environment Division
                                        Natural Resources Section
                                        P.O. Box 663
                                        Washington, DC 20044
                                        202-616-3353
                                        Fax: 202-305-0274
                                        Email: john.most@usdoj.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Meredith Flax**
                                        US Department of Justice
                                        Environment and Natural Resources Division

                                        Ben Franklin Station, P.O. Box 7369
                                        Washington, DC 20044-7369
                                        202-305-0404
                                        Fax: 202-305-0275
                                        Email: Meredith.Flax@usdoj.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Secretary Gale Norton**
*Department of the Interior*

represented by **John Shaughnessy Most**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith Flax**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Dft**

**Exotic Wildlife Association**

represented by **Anna M. Seidman**
Safari Club International
501 2nd Street N.E.
Washington, DC 20002
202-543-8733
Fax: 202-543-1205
Email: aseidman@cox.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Jeffries Goodwin**
Goodwin Law Corporation
2300 Bell Executive Lane
Sacramento, CA 95825
916-929-6000
Fax: 916-929-5137
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Dft**

**Safari Club International Foundation**

represented by **Anna M. Seidman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Jeffries Goodwin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Dft**

**Safari Club International**

represented by **Anna M. Seidman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

James Jeffries Goodwin
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/26/2005 | 1 | COMPLAINT against Dale Hall, Gale Norton ( Filing fee $ 250, receipt number 3377730.). Filed byMisti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban. (gsa, COURT STAFF) (Filed on 10/26/2005) Additional attachment(s) added on 11/15/2005 (gsa, COURT STAFF). (Entered: 10/26/2005) |
| 10/26/2005 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 2/21/2006. Case Management Conference set for 2/28/2006 09:00 AM. (Attachments: # 1 CMC order# 2 Standing orders)(gsa, COURT STAFF) (Filed on 10/26/2005) (Entered: 10/26/2005) |
| 10/26/2005 |  | Summons Issued as to Dale Hall, Gale Norton. (gsa, COURT STAFF) (Filed on 10/26/2005) (Entered: 10/26/2005) |
| 10/26/2005 |  | CASE DESIGNATED for Electronic Filing. (gsa, COURT STAFF) (Filed on 10/26/2005) (Entered: 10/26/2005) |
| 11/07/2005 | 7 | MOTION for leave to appear in Pro Hac Vice - Tanya Sanerib filed by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban. (gsa, COURT STAFF) (Filed on 11/7/2005) Fee paid. (Entered: 11/09/2005) |
| 11/07/2005 |  | Proposed Order re [7] MOTION for leave to appear in Pro Hac Vice by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban. (gsa, COURT STAFF) (Filed on 11/7/2005) (Entered: 11/09/2005) |
| 11/07/2005 | 8 | MOTION for leave to appear in Pro Hac Vice - Katherine A. Meyer filed by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban. Fee paid. (gsa, COURT STAFF) (Filed on 11/7/2005) (Entered: 11/09/2005) |
| 11/07/2005 |  | Proposed Order re [8] MOTION for leave to appear in Pro Hac Vice by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban. (gsa, COURT STAFF) (Filed on 11/7/2005) (Entered: 11/09/2005) |
| 11/08/2005 | 3 | CERTIFICATE OF SERVICE by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban *for Dale Hall* (Evans, Corey) (Filed on 11/8/2005) (Entered: 11/08/2005) |
| 11/08/2005 | 4 | CERTIFICATE OF SERVICE by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya |

| | | |
|---|---|---|
| | | Institute, Born Free USA, Bill Clark, Debra Joan Boban *for Gale Norton* (Evans, Corey) (Filed on 11/8/2005) (Entered: 11/08/2005) |
| 11/08/2005 | **5** | CERTIFICATE OF SERVICE by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban *for Alberto R. Gonzales* (Evans, Corey) (Filed on 11/8/2005) (Entered: 11/08/2005) |
| 11/08/2005 | **6** | CERTIFICATE OF SERVICE by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban *Kevin V. Ryan* (Evans, Corey) (Filed on 11/8/2005) (Entered: 11/08/2005) |
| 11/15/2005 | **9** | ORDER by Chief Judge Vaughn R Walker granting [7] Motion Application for Admission for Pro Hac Vice of Tanya Sanerib. (cgd, COURT STAFF) (Filed on 11/15/2005) (Entered: 11/15/2005) |
| 11/15/2005 | **10** | ORDER by Chief Judge Vaughn R Walker granting [8] Motion Application for Admission Pro Hac Vice of Katherine A. Meyer. (cgd, COURT STAFF) (Filed on 11/15/2005) (Entered: 11/15/2005) |
| 12/01/2005 | **11** | NOTICE of Appearance by Meredith Flax *and John Most* (Flax, Meredith) (Filed on 12/1/2005) (Entered: 12/01/2005) |
| 12/01/2005 | | ***Attorney John S. Most for Dale Hall and Gale Norton added. (gsa, COURT STAFF) (Filed on 12/1/2005) (Entered: 12/07/2005) |
| 12/21/2005 | **12** | MOTION to Intervene; Memorandum of Points and Authorities filed concurrently with Declarations of Kevin Anderson, Tom Riley, Mike Simpson, Charly Seale, Don Tarpey and Proposed Answer filed by Exotic Wildlife Association, Safari Club International Foundation, Safari Club International. Motion hearing set for 2/23/2006 at 2:00 p.m. in Courtroom 6 (gsa, COURT STAFF) (Filed on 12/21/2005) Modified on 12/22/2005 (gsa, COURT STAFF). Additional attachment(s) added on 2/2/2006 (gsa, COURT STAFF). (Entered: 12/22/2005) |
| 12/21/2005 | | ***Attorney Anna M. Seidman for Exotic Wildlife Association and Safari Club International Foundation added. (gsa, COURT STAFF) (Filed on 12/21/2005) (Entered: 12/22/2005) |
| 12/21/2005 | **◗** | Proposed Order re 12 MOTION to Intervene by Exotic Wildlife Association, Safari Club International Foundation, Safari Club International. (gsa, COURT STAFF) (Filed on 12/21/2005) (Entered: 12/22/2005) |
| 12/21/2005 | **13** | MOTION for leave to appear in Pro Hac Vice - Anna M. Seidman filed by Exotic Wildlife Association, Safari Club International Foundation, Safari Club International. (gsa, COURT STAFF) (Filed on 12/21/2005) (Entered: 12/22/2005) |
| 12/21/2005 | **◗** | Set/Reset Hearings: Motion Hearing set for 2/23/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (gsa, COURT STAFF) (Filed on 12/21/2005) (Entered: 12/22/2005) |
| 12/21/2005 | | ***Attorney James Jeffries Goodwin for Exotic Wildlife Association and Safari Club International Foundation added. (gsa, COURT STAFF) (Filed on 12/21/2005) (Entered: 12/22/2005) |

| 12/23/2005 | ●14 | MOTION to Dismiss for Lack of Jurisdiction filed by Dale Hall, Gale Norton. Motion Hearing set for 2/23/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Flax, Meredith) (Filed on 12/23/2005) (Entered: 12/23/2005) |
|---|---|---|
| 12/27/2005 | ●15 | ORDER by Chief Judge Vaughn R Walker granting [13] Motion Application for Admission Pro Hac Vice of Anna M. Seidman. (cgd, COURT STAFF) (Filed on 12/27/2005) (Entered: 12/27/2005) |
| 01/18/2006 | ●16 | Statement of Non-Opposition re 12 MOTION to Intervene *By Plaintiffs* filed byRebecca Ann Cary. (Related document(s)12) (Sanerib, Tanya) (Filed on 1/18/2006) (Entered: 01/18/2006) |
| 01/18/2006 | ●17 | Declaration of Anna Seidman *in support of Defendant-Intervenor Applicants' Administrative Motion* filed bySafari Club International. (Seidman, Anna) (Filed on 1/18/2006) (Entered: 01/18/2006) |
| 01/18/2006 | ●18 | **\*\*\* FILED IN ERROR. PLEASE SEE DOCKET #28. \*\*\***<br>MEMORANDUM in Support *of Defendants' Motion to Dismiss* filed bySafari Club International. (Seidman, Anna) (Filed on 1/18/2006) Modified on 2/15/2006 (ewn, COURT STAFF). (Entered: 01/18/2006) |
| 01/18/2006 | ●19 | Proposed Order *Administrative Motion Seeking Leave for Defendant-Intervenor Applicants' to Participate in Determination of Defendants' Motion to Dismiss* by Safari Club International. (Seidman, Anna) (Filed on 1/18/2006) (Entered: 01/18/2006) |
| 01/18/2006 | ●20 | REPLY to Response to Motion *Seeking Leave to Participate in the Determination of Defendants' Motion to Dismiss* filed bySafari Club International. (Seidman, Anna) (Filed on 1/18/2006) (Entered: 01/18/2006) |
| 01/23/2006 | ●21 | Consent MOTION for Leave to File Excess Pages *in Oppositition to Defendants' Motion To Dismiss And Proposed Intervenors' Brief In Support Thereof* filed by Rebecca Ann Cary. Motion Hearing set for 2/23/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # 1 Signature Page (Declarations/Stipulations) Stipulation# 2 Proposed Order)(Sanerib, Tanya) (Filed on 1/23/2006) (Entered: 01/23/2006) |
| 01/23/2006 | ●22 | RESPONSE to re 20 Reply to Response to Motion *Plaintiffs' Support for Proposed Intervenors' Motion Based on Plaintiffs' Consent Adminstrative Motion for An Additional Ten Pages for Plaintiffs' Opposition to Defendants' Motion to Dismiss and Proposed Intervenors' Brief Submitted in Support Thereof* by Rebecca Ann Cary. (Attachments: # 1 Signature Page (Declarations/Stipulations) Stipulation# 2 Proposed Order)(Sanerib, Tanya) (Filed on 1/23/2006) (Entered: 01/23/2006) |
| 01/24/2006 | ●23 | ORDER by Chief Judge Vaughn R Walker GRANTING, per agreement of parties, 21 motion for leave to file excess pages and GRANTING, per agreement of parties, 20 proposed defendant-intervenor Safari Club's motion for leave to participate in defendants' motion to dismiss. (vrwlc1, COURT STAFF) (Filed on 1/24/2006) (Entered: 01/24/2006) |
| 02/02/2006 | ●24 | MEMORANDUM in Oppostion re 14 MOTION to Dismiss for Lack of Jurisdiction, 18 Memorandum in Support *Thereof* filed by *Proposed Intervenors* filed byRebecca |

| | | |
|---|---|---|
| | | Ann Cary. (Attachments: # 1 Proposed Order # 2 Exhibit Pl Ex A# 3 Exhibit Pl Ex B# 4 Exhibit Pl Ex C# 5 Exhibit Pl Ex D# 6 Exhibit Pl Ex E# 7 Exhibit Pl Ex F# 8 Exhibit Pl Ex G)(Related document(s)14, 18) (Sanerib, Tanya) (Filed on 2/2/2006) (Entered: 02/02/2006) |
| 02/09/2006 | 25 | *** FILED IN ERROR. PLEASE SEE DOCKET #27. *** Reply to Opposition *to Defendants' Motion to Dismiss* filed bySafari Club International. (Seidman, Anna) (Filed on 2/9/2006) Modified on 2/15/2006 (ewn, COURT STAFF). (Entered: 02/09/2006) |
| 02/09/2006 | 26 | Reply to Opposition re 14 MOTION to Dismiss for Lack of Jurisdiction filed byDale Hall, Gale Norton. (Flax, Meredith) (Filed on 2/9/2006) (Entered: 02/09/2006) |
| 02/13/2006 | 27 | Reply to Opposition *CORRECTION OF DOCKET #25* filed bySafari Club International. (Seidman, Anna) (Filed on 2/13/2006) (Entered: 02/13/2006) |
| 02/13/2006 | 28 | MEMORANDUM in Support *CORRECTION OF DOCKET #18* filed bySafari Club International. (Seidman, Anna) (Filed on 2/13/2006) (Entered: 02/13/2006) |
| 08/09/2006 | 29 | NOTICE by Rebecca Ann Cary *Of Submitted Matter* (Sanerib, Tanya) (Filed on 8/9/2006) (Entered: 08/09/2006) |
| 09/12/2006 | 30 | NOTICE by Misti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban *Unavailability of Plaintiffs' Counsel (Evans & Page)* (Evans, Corey) (Filed on 9/12/2006) (Entered: 09/12/2006) |
| 09/30/2006 | 31 | ORDER by Judge Vaughn R Walker granting in part and denying in part 14 motion to dismiss for lack of jurisdiction and scheduling case management conference for October 24, 2006. (vrwlc1, COURT STAFF) (Filed on 9/30/2006) (Entered: 10/02/2006) |
| 09/30/2006 | 32 | ORDER by Chief Judge Vaughn R Walker granting 12 motion to intervene. (vrwlc1, COURT STAFF) (Filed on 9/30/2006) (Entered: 10/02/2006) |
| 10/02/2006 | | Set Deadlines/Hearings: Joint Case Management Statement due by 10/17/2006. Case Management Conference set for 10/24/2006 09:00 AM. (cgd, COURT STAFF) (Filed on 10/2/2006) (Entered: 10/02/2006) |
| 10/16/2006 | 33 | STIPULATION *to Schedule Case Management Conference (Joint)* by Exotic Wildlife Association, Safari Club International Foundation, Safari Club International. (Attachments: # 1 Proposed Order)(Seidman, Anna) (Filed on 10/16/2006) (Entered: 10/16/2006) |
| 10/16/2006 | 34 | ANSWER to Complaint *for Declaratory Judgment and Injunctive Relief* byExotic Wildlife Association, Safari Club International Foundation, Safari Club International. (Seidman, Anna) (Filed on 10/16/2006) (Entered: 10/16/2006) |
| 10/17/2006 | 35 | JOINT CASE MANAGEMENT STATEMENT filed by Dale Hall, Gale Norton. (Flax, Meredith) (Filed on 10/17/2006) (Entered: 10/17/2006) |
| 10/20/2006 | 36 | MOTION to Transfer Case *or, Alternatively to Stay* filed by Dale Hall, Gale Norton. Motion Hearing set for 11/30/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # 1 Proposed Order # 2 Exhibit #1# 3 Exhibit #2)(Flax, |

| | | |
|---|---|---|
| | | Meredith) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 37 | MOTION Enlarge Time for Case Management Conference filed by Dale Hall, Gale Norton. Motion Hearing set for 11/30/2006 02:00 PM in Courtroom 6, 17th Floor, San Francisco. (Attachments: # 1 Proposed Order)(Flax, Meredith) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/20/2006 | 38 | ANSWER to Complaint byDale Hall, Gale Norton. (Flax, Meredith) (Filed on 10/20/2006) (Entered: 10/20/2006) |
| 10/30/2006 | 39 | ORDER cancelling CMC on November 7, 2006. (vrwlc1, COURT STAFF) (Filed on 10/30/2006) Modified on 11/1/2006 (cgd, COURT STAFF). (Entered: 10/30/2006) |
| 11/08/2006 | 40 | RESPONSE in Support re 36 MOTION to Transfer Case *or, Alternatively to Stay* filed byExotic Wildlife Association, Safari Club International Foundation, Safari Club International. (Seidman, Anna) (Filed on 11/8/2006) (Entered: 11/08/2006) |
| 11/09/2006 | 41 | Memorandum in Opposition re 36 MOTION to Transfer Case *or, Alternatively to Stay* filed byMisti Marie Schmidt, Marcia Slackman, Humane Society of the United States, Defenders of Wildlife, Rebecca Ann Cary, Kimya Institute, Born Free USA, Bill Clark, Debra Joan Boban. (Attachments: # 1 Proposed Order)(Sanerib, Tanya) (Filed on 11/9/2006) (Entered: 11/09/2006) |
| 11/16/2006 | 42 | Reply to Opposition re 36 MOTION to Transfer Case *or, Alternatively to Stay* filed byDale Hall, Gale Norton. (Attachments: # 1 Exhibit 1)(Flax, Meredith) (Filed on 11/16/2006) (Entered: 11/16/2006) |
| 11/30/2006 | | ***Deadlines terminated. (tdm, COURT STAFF) (Filed on 11/30/2006) (Entered: 11/30/2006) |
| 11/30/2006 | 43 | Minute Entry: Defendant's Motion to Transfer, or Alternatively Stay - Submitted, Hearing held on 11/30/2006 before Judge Vaughn R. Walker (Date Filed: 11/30/2006). (Court Reporter Belle Ball.) (tdm, COURT STAFF) (Date Filed: 11/30/2006) (Entered: 11/30/2006) |
| 11/30/2006 | 44 | ORDER by Chief Judge Vaughn R Walker granting 36 motion to transfer case. (vrwlc1, COURT STAFF) (Filed on 11/30/2006) (Entered: 11/30/2006) |
| 12/05/2006 | 45 | CLERK'S NOTICE transfering this case to the United States District Court for the District of Columbia. (gsa, COURT STAFF) (Filed on 12/5/2006) (Entered: 12/05/2006) |

06-2120
RMU

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| REBECCA A. CARY, ETAL | DALE HALL, ETAL |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CASE NUMBER  1:06CV02120

JUDGE: Ricardo M. Urbina

DECK TYPE: Administrative Agency Rev

DATE STAMP: 12/14/2006

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

◉ Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ◉ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>◉ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus*  *2255*  ☐ 530 Habeas Corpus-General  ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment*  *Discrimination*  ☐ 442 Civil Rights-Employment  (criteria: race, gender/sex,  national origin,  discrimination, disability  age, religion, retaliation)  *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY*  *ACT*  ☐ 895 Freedom of Information Act  ☐ 890 Other Statutory Actions  (if Privacy Act)  *(If pro se, select this deck)* | ☐ J. *Student Loan*  ☐ 152 Recovery of Defaulted Student  Loans (excluding veterans) |

| ☐ K. *Labor/ERISA*  *(non-employment)*  ☐ 710 Fair Labor Standards Act  ☐ 720 Labor/Mgmt. Relations  ☐ 730 Labor/Mgmt. Reporting &  Disclosure Act  ☐ 740 Labor Railway Act  ☐ 790 Other Labor Litigation  ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights*  *(non-employment)*  ☐ 441 Voting (if not Voting Rights  Act)  ☐ 443 Housing/Accommodations  ☐ 444 Welfare  ☐ 440 Other Civil Rights  ☐ 445 American w/Disabilities-  Employment  ☐ 446 Americans w/Disabilities-  Other | ☐ M. *Contract*  ☐ 110 Insurance  ☐ 120 Marine  ☐ 130 Miller Act  ☐ 140 Negotiable Instrument  ☐ 150 Recovery of Overpayment &  Enforcement of Judgment  ☐ 153 Recovery of Overpayment of  Veteran's Benefits  ☐ 160 Stockholder's Suits  ☐ 190 Other Contracts  ☐ 195 Contract Product Liability  ☐ 196 Franchise | ☐ N. *Three-Judge Court*  ☐ 441 Civil Rights-Voting (if Voting  Rights Act) |

**ⓥ ORIGIN**

| ⓞ Original  Proceeding | ☐ 2 Removed  from State  Court | ☐ 3 Remanded from  Appellate Court | ☐ 4 Reinstated  or Reopened | ☐ 5 Transferred from  another district  (specify)  USDC NoC (San Fran.) | ☐ Multi district  Litigation | ☐ 7 Appeal to  District Judge  from Mag.  Judge |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

16 USC 1538 Endangered Species Act

**VII. REQUESTED IN  COMPLAINT**   CHECK IF THIS IS A CLASS  ☐   ACTION UNDER F.R.C.P. 23    **DEMAND $**   Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ⓝNO

**VIII. RELATED CASE(S)  IF ANY**   (See instruction)   ☐ YES  ☐ NO   If yes, please complete related case form.

DATE  12·13·06   SIGNATURE OF ATTORNEY OF RECORD   NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd