**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDS OF ANIMALS, | |
| Plaintiff, | |
| v. | Civ. No. 04-01660 HHK (DAR) |
| | Civ. No. 06-2120 |
| DIRK KEMPTHORNE, Secretary of the Interior, | (Consolidated Cases) |
| Defendant. | |

REBECCA ANN CARY, *et al.*,

       Plaintiffs,

v.

DALE HALL, Director, Fish and Wildlife Service, *et al.*,

       Defendants,

and

SAFARI CLUB INTERNATIONAL, *et al.*,

       Defendant-Intervenors.

**DEFENDANT INTERVENOR, SAFARI CLUB INTERNATIONAL, ET AL.'S**
**OPPOSITION TO PLAINTIFFS CARY ET AL.'S MOTION TO COMPEL**
**THE COMPLETE ADMINISTRATIVE RECORD**

I.      **INTRODUCTION**

Plaintiffs Rebecca Ann Cary *et al.* ("Cary *et al.*") have moved to compel Defendants, Dale Hall *et al.* to produce the "Complete Administrative Record" pertaining to a determination by the U.S. Fish and Wildlife Service ("FWS") to establish a special regulation governing captive populations of three exotic antelope species.  The records that Cary *et al.* purportedly seek, if they exist at all, are not in the possession of Defendant-Intervenors Safari Club International, *et al.* ("SCI").  Consequently, SCI cannot offer any direct response to Cary *et al.'s* allegations about the existence or location of any specific records.

Plaintiffs' motion, however, does not actually request that any specific records be included in the Administrative Record.  Plaintiffs never identify any particular documents that have been excluded from the Administrative Record of the determination relating to the captive populations of the three antelope species.  Instead, Cary *et al.* simply offer conjecture about the existence of documents other than the ones already included in the Administrative Record certified by the Defendants.  Plaintiffs demand that Defendants search for such documents and add them to the existing record.  The premise of Cary *et al.*'s Motion to Compel is legally flawed because it is based upon conjecture and not upon fact and it is to that flawed premise that SCI hereby responds.

II.     **THE ADMINISTRATIVE RECORDS OF TWO RELATED DECISIONS NEED NOT BOTH BE CERTIFIED FOR A CHALLENGE TO ONLY ONE OF THE DECISIONS**

The agency decision that is at issue in this case was one of two agency decisions pertaining to the scimitar-horned oryx, dama gazelle, and addax, published in the Federal Register on the same day, September 2, 2005.  The two determinations were "related," in that both decisions concern the same three species of antelope.  From these facts, Cary *et al.* draw an erroneous conclusion in contending that because the two agency decisions were related, the

Administrative Records of both decisions must be produced and certified for their challenge to

one of the two decisions.

Although the two agency decisions may be related, Cary *et al.* has confined its litigation

challenge to only one of them.  Plaintiffs do not challenge the FWS's decision to list the three

antelope species as "endangered."  70 Fed. Reg. 52319 (Sept. 2, 2005).  They challenge only the

agency's separate decision to create a special rule applicable exclusively to captive populations

of the three antelope species.  70 Fed. Reg. 52310 (Sept. 2, 2005).

Despite the fact that there are clear differences between the two separate agency actions

taken on September 2, 2005, Cary *et al.* contend that all the documents within the agency's

possession from both decisions must be part of the Administrative Record for this litigation.

While there is undoubtedly some overlap between the Administrative Records for the two

separate decisions, Cary *et al.* have presented no reason to believe that every document

pertaining to the listing decision also relates to the rule pertaining to captive populations.

Presumably, the FWS has reviewed the documents relating to the two decisions and has chosen

the ones that the agency decision-makers considered "directly or indirectly" in making the

determination concerning captive populations of the three antelope species.  *See Bar MK*

*Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (Circuit Court upheld Forest Service's

designation of Administrative Record composed of all documents considered by agency decision

maker).  A presumption of administrative regularity applies to an agency's compilation of the

administrative record.  "The court assumes the agency properly designated the Administrative

Record absent clear evidence to the contrary."  *Id.* at 740. *In Pacific Shores Subdivision*

*California Water District v. U.S. Army Corps of Engineers*, 448 F.Supp.2d 1 (D.D.C. 2006),

Magistrate Judge Facciola, at the direction of this court, resolved a motion to supplement the

administrative record in that case and offered the following commentary on the presumption of

regularity:

> Common sense dictates that the agency determines what constitutes the 'whole'
> administrative record because '[i]t is the agency that did the 'considering,' and
> that therefore is in a position to indicate initially which of the materials were
> 'before' it—namely, were '**directly** or **indirectly** considered.'

*Id.* at 5, quoting *Fund for Animals v. Williams*, 245 F.Supp.2d 49, 57 (D.D.C. 2003) (emphasis in

the original).

Cary *et al.* misconstrue what should constitute the proper contents of the Administrative

Record.  Their motion to compel suggests that they believe that any document in the possession

of the FWS that relates to one or more of the three antelope species must be included within the

Administrative Record of any decision related to those three species.  Plaintiffs attribute far too

much significance to the fact that courts refer to the Administrative Record as consisting of all

documents "before the agency" at the time that the agency made the decision being challenged.

Contrary to Plaintiffs' representations, the only documents that must be included in an

administrative record are those that were actually "considered" by the agency decision makers.

This court has explained why "before the agency" cannot be understood as broadly as

Cary *et al.* suggest:

> Limiting review of the administrative record to only what the agency decision
> makers directly or indirectly considered is important.  A broad application of the
> phrase 'before the agency' would undermine the value of judicial review:
> '[I]nterpreting the word 'before' so broadly as to encompass any potentially
> relevant document existing within the agency or in the hands of a third party
> would render judicial review meaningless."

*Id.* at 4, quoting from *Fund for Animals v. Williams*, 245 F.Supp.2d at 57, n.7.  The agency has

no obligation to include any and all documents in the agency's possession.

III.     **PLAINTIFFS CANNOT SPECULATE ABOUT MISSING DOCUMENTS**

      To prove that the Administrative Record is incomplete, Plaintiffs must do more than speculate about the existence of additional records. They must actually prove that the records exist and that those records were considered directly or indirectly by the agency decision makers actually responsible for the decision that Cary *et al.* challenge. Sheer speculation about unidentified documents is insufficient to overcome the agency presumption of administrative regularity and good faith. *Federal Trade Commission v. Invention Submission Corp.*, 965 F.2d 1086, 1091 (D.C.Cir. 1992); *Holy Land Foundation for Relief and Development v. Ashcroft*, 219 F.Supp. 2d 57, 65 (D.D.C.) (court rejected claim by charitable organization that Office of Foreign Asset Control relied upon evidence that the agency did not include in the Administrative Record), *aff'd.* 333 F.3d 156 (D.C. Cir. 2002), *cert. denied* 540 U.S. 1218, 124 S.Ct. 1506 (2004). Cary *et al.* have not met this obligation.

      Plaintiffs speculate that there are documents missing from the record, but fail to identify any specific documents that the agency did not include. Cary *et al.* justify their speculation upon the fact that Plaintiffs Humane Society of the United States submitted a Freedom of Information Act ("FOIA") request to the FWS that retrieved a few e-mails related to the three antelope species. Plaintiffs do not describe the specific subject of the FOIA request that retrieved these e-mails, nor do they appear to demand that the retrieved e-mails, attached to their motion as Exhibit "2" be included in the Administrative Record. They also do not appear to assert that any of the documents that accompanied those e-mails as attachments were omitted from the Administrative Record, nor do they demand that the attachments be included in the Administrative Record. Plaintiffs simply want the Court to take, on faith, that the existence of the e-mails discovered through the FOIA process, means that there are additional documents

somewhere in the FWS files that have been omitted from and must be included in the Administrative Record for this litigation.

Plaintiffs' speculation about the existence of additional documents is insufficient to challenge the completeness of the Administrative Record. A motion to compel the complete Administrative Record must identify specific documents that the agency has neglected to include. Plaintiffs cannot merely speculate that phantom documents exist and then demand their inclusion.

## IV. CONCLUSION

Plaintiffs seek to supplement the Administrative Record with documents pertaining to a related determination, but cannot prove that such documents were actually considered directly or indirectly by the agency decision-makers in reaching the decision that is the subject of this action. In addition, Cary *et al.* seek to send the FWS on a search for a group of documents that Plaintiffs cannot identify and about which Plaintiffs can only speculate. Cary *et al.* have not fulfilled their burden of disputing administrative regularity and justifying a supplementation of the Administrative Record.

WHEREFORE, Defendant-Intervenors SCI respectfully request that Plaintiffs Motion to Compel the Complete Administrative Record be denied.

Dated: March 9, 2007                          Respectfully submitted,


                                              s/Anna M. Seidman
                                              Anna M. Seidman (D.C. Bar No. 417091)
                                              Safari Club International
                                              501 2nd Street, N.E.
                                              Washington, D.C. 20002
                                              Tel:    (202) 543-8733
                                              Fax:    (202) 543-1205
                                              **aseidman@sci-dc.org**


6

Douglas S. Burdin (D.C. Bar No. 434107)
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel:    (202) 543-8733
Fax:    (202) 543-1205
**dburdin@sci-dc.org**

*Counsel for*
*Safari Club International,*
*Safari Club International Foundation, and*
*Exotic Wildlife Association*

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDS OF ANIMALS, | |
|       Plaintiff, | |
| v. | Civ. No. 04-01660 HHK (DAR) |
| | Civ. No. 06-2120 |
| DIRK KEMPTHORNE, Secretary of the Interior, | (Consolidated Cases) |
|       Defendant. | |

REBECCA ANN CARY, *et al.*,

      Plaintiffs,

v.

DALE HALL, Director, Fish and Wildlife
Service, *et al.*,

      Defendants,

and

SAFARI CLUB INTERNATIONAL, *et al.*,

      Defendant-Intervenors.

**(PROPOSED) ORDER**

IT IS HEREBY ORDERED that Plaintiff Cary et al.'s Motion to Compel the Complete

Administrative Record is DENIED.

This _____ day of _____, 2007.

_____
United States District Judge